IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DENNIS DEAN AMMERMAN,<br>Beneficial Owner,<br>      Plaintiff,<br>vs.<br><br>ALIEN PROPERTY CUSTODIAN<br>REPRESENTATIVE, Trustee,<br>      Defendant. | )<br>)<br>)<br>)   No. 3:23-CV-267-C-BH<br>)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the case should be dismissed for failure to prosecute or follow court orders.

**I.  BACKGROUND**

On January 31, 2023, the *pro se* plaintiff filed this action alleging the end of a war between the United States and his family and seeking return of property in a trust allegedly created under 50 U.S.C. § 4312.  (*See* doc. 3.) He also filed various notices and a request for a hearing, which was denied.  (*See* docs. 4, 5, 6, 7, 9.) By *Notice of Deficiency and Order* dated February 9, 2023, he was notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP) for a civil action.  (*See* doc. 8.)  He was ordered to either pay the filing fee or submit a fully completed and signed IFP application within fourteen (14) days. (*See id*.)  He was specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders.  (*See id.*) Attached to the order was an IFP application. (*See id.*)

On February 27, 2023, the plaintiff filed another notice.  (*See* doc. 10.)  He did not comply with the notice of deficiency and order or otherwise respond to it.  By *Second Notice of Deficiency*

---

[1]  By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

*and Order* dated March 1, 2023, he was again notified that he had not paid the filing fee or submitted an IFP application. (*See* doc. 11.) He was again ordered to either pay the filing fee or submit a fully completed and signed IFP application within fourteen (14) days. (*See id.*) He was again specifically advised that a failure to do so could result in the dismissal of the case for failure to prosecute or comply with court orders. (*See id.*) Attached to the order was an IFP application. (*See id.*)

More than fourteen days from the date of the second notice of deficiency and order have passed, but the plaintiff has not either paid the filing fee or submitted an IFP application, and he has not filed anything else in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with two orders to either pay the filing fee or submit a fully completed IFP application, despite express warnings that failure to do so could result in dismissal of the case. He has not filed anything else in the case since the second notice. Because the plaintiff failed to follow court orders or otherwise show that he intends to proceed with this case, it should be dismissed..

## III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff either pays the filing fee or files a fully

completed IFP application within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 21st day of March, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE